HIGH v. COYNE, Tax Collector.

(Circuit Court, N. D. Illinois. February 28, 1899.)

No. 25,091.

INTERNAL REVENUE—WAR REVENUE ACT OF 1898—CONSTITUTIONALITY OF SUCCESSION TAX.

Under the rules of construction laid down by the supreme court in analogous cases, the succession tax or duty imposed by the war revenue act of June 13, 1898 (sections 29–31), cannot be held unconstitutional on the ground that it is a direct tax, nor for want of uniformity because it exempts from its operation all legacies under the value of $10,000, nor as an exercise of a power which belongs exclusively to the states.

On Demurrer to Bill.

Pence, Carpenter & High, for complainant.
S. H. Bethea, U. S. Dist. Atty., for defendant.

SEAMAN, District Judge. The bill is filed to enjoin the imposition of the succession tax or duty which is provided by sections 29, 30, and 31 of the act of congress approved June 13, 1898, and is predicated solely upon the alleged unconstitutionality of these provisions. The contention is that the tax or duty is opposed to the constitution upon the following grounds: (1) That it constitutes a direct tax upon the legacies in question, both in effect and by the express terms of the act; (2) that it is not uniform, for the reason that it exempts from its operation all legacies under the value of $10,000; and (3) that the right of inheritance is a privilege or franchise, within the exclusive power of the states to grant and regulate, and not subject to abridgement or taxation by the general government. Unless one or the other of these propositions can be upheld, it is manifest that the bill states no ground for relief, and the demurrer must be sus-

tained. The questions are interesting, and the ability and thoroughness with which they have been presented would justify a review of the authorities cited, and an extended statement of the grounds upon which my conclusions are based, aside from the doctrine of stare decisis; but with the pressure of other duties, and the belief that there will be a review by the supreme court, I am satisfied that an early decision is more desirable for the parties than an opinion which would necessarily call for delay. It is the duty of the courts to sustain all enactments by the legislative branch of the government, either national or state, unless they clearly transcend the lawmaking power; and no such enactment must be held for naught because of doubt, or for any reason short of absolute conviction. Another rule must be premised as controlling the circuit courts at least,—that individual convictions must yield when the constitutionality has been determined by the court of final resort in a case which is applicable. I have examined with care the line of decisions by the supreme court upon questions of taxation in which the constitutional provisions involved in this case were interpreted, and my conclusions, briefly stated, are as follows:

1. Prior to the income tax decisions in the Pollock Cases, 157 U. S. 429, 15 Sup. Ct. 673, and 158 U. S. 601, 15 Sup. Ct. 912, the opinions of the supreme court tended to narrow the definition of direct taxes which were inhibited by the constitution to capitation or poll taxes and taxes on land. By the Pollock Case that definition was extended to include personalty and incomes derived from investment in real estate or personal property. It is unnecessary to review the interpretations which are there considered, as it seems manifest that the prevailing opinion by the chief justice carefully preserves the distinction under which a duty or tax of the character imposed by this act is upheld as one upon the privilege of succession, or upon devolution of property, of the nature of excise. Certainly, the decision in Scholey v. Rew, 23 Wall. 331, by which a provision was sustained quite identical in terms, so far as material to this point, was neither overruled nor questioned in the Pollock decision, but stands unimpaired as a rule of decision which must govern this court, notwithstanding the reference in the opinion to the former income tax as of analogous nature. The view thus indicated of the distinction in an inheritance or succession tax is well fortified by the opinion in U. S. v. Perkins, 163 U. S. 625, 16 Sup. Ct. 1073, which sustains a tax of that species charged under a statute of the state of New York against a legacy in favor of the United States bequeathed by a citizen of that state. As there held: "The tax is not upon the property in the ordinary sense of the term, but upon the right to dispose of it; and it is not until it has yielded its contribution to the state that it becomes the property of the legatee." So, in Magoun v. Bank, 170 U. S. 283, 18 Sup. Ct. 594, the same interpretation is upheld.

2. As an original question, the objection of want of uniformity through the important exemption feature of this statute would impress me as one of great force; but in consideration of the fact that the same question was directly presented in the income tax cases, and was left undecided, because of an equal division of the members of the

court, and in the light of rulings under state statutes where the objection would seem to be equally open under certain of their constitutions, I find no warrant for holding that the provision is undoubtedly beyond the power of congress.

3. Upon the third proposition I cannot regard the duty as an interference with the rights of the states, although the doctrine, frequently pronounced, that the right to tax is the right to destroy, lends plausibility to that contention. I am therefore of the opinion that the demurrer must be sustained upon authority.