UNITED STATES v. HATTERS' FUR EXCHANGE.

(Circuit Court, S. D. New York. February 21, 1907.)

No. 4,266.

**1. CUSTOMS DUTIES—CLASSIFICATION—WASTE—FUR COMBINGS.**

As to combings of loose or dead hair obtained in preparing rabbit or hare skins, which are commercially known as "hares' combings" or "fur waste," and which, after further treatment, are used as an adulterant in cheap hats, *held*, that they are dutiable as waste under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 463, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1679], and not as furs prepared for hatters' use under paragraph 426, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1675], nor free of duty as "furs, undressed," under section 2, Free List, par. 561, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1683.]

[Ed. Note.—Interpretation of commercial and trade terms in tariff laws, see note to Dennison Mfg. Co. v. United States, 18 C. C. A. 545.]

**2. SAME—APPEAL—ASSIGNMENTS OF ERROR.**

The board sustained the more favorable of the two alternative contentions made in an importer's protest. The government appealed to the Circuit Court, asserting in the assignment of errors that the board's decision was erroneous, and that the merchandise should have been held to have been properly assessed. *Held*, that the court might decide the merchandise to be dutiable in accordance with the importer's alternative contention, notwithstanding the absence of a specific assignment on that point by the government.

On Application for Review of a Decision of the Board of United States General Appraisers.

Note Wimpfheimer v. Erhardt (C. C.) 59 Fed. 451.

The Board of General Appraisers reversed the assessment of duty by the collector of customs at the port of New York. The government's assignments of error, as stated in the application for review of the board's decision, read as follows:.

"And for the errors of law and fact in the decision of said board herein complained of, your petitioner states: (1) That the said board was in error in holding the merchandise in question to be free of duty under the provisions of paragraph 561 of said act (Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1683]). (2) In not finding the same to be dutiable at 20 per cent. ad valorem under paragraph 426 of the said act, as assessed.

(3) In finding as a matter of fact that the said merchandise is unfitted for use in hat making except as an adulterant. (4) In not finding the same to be furs not on the skin prepared for hatters' use. (5) In sustaining the protest of the importers and in reversing the decision of your petitioner, as collector of customs, in the premises."

J. Osgood Nichols, Asst. U. S. Atty.

Jacob Fromme (B. A. Levett, of counsel), for importers.

HOUGH, District Judge. From the fur of the rabbit or hare there is removed by a process of combing loose or dead hair and fur. This is done to clean the skin or pelt preparatory to making it ready for use in the manufacture of hats.

The import under consideration consists of the material removed by the combing process above referred to. The testimony amply supports the proposition that it is known commercially as "hare's combings" or "fur waste," and the method of obtaining it fairly classifies it as "waste"; that is, "superfluous or rejected material of the same kind as the material utilized for the intended purpose." U. S. v. Schroeder, 93 Fed. 450, 35 C. C. A. 376. It is used as an adulterant in the manufacture of cheap hats, and as imported in this case requires further treatment before it can be used for even that humble purpose.

It was appraised by the collector as "furs not on the skin prepared for hatters' use," under paragraph 426 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1675]). On appeal the Board of General Appraisers held it to be "furs, undressed," under paragraph 561, Act July 24, 1897, c. 11, § 2, Free List [U. S. Comp. St. 1901, p. 1683], and from this finding the government has appealed. In my opinion the decisions both of the collector and of the Board of Appraisers were erroneous, and the article was clearly "waste not specially provided for" under paragraph 463.

As the assignments of error in this court specifically allege that the finding of the Board of Appraisers was erroneous, and as the protest of the importer alleged the applicability of paragraph 463 in the alternative, I find no difficulty under section 15 of the act of June 10, 1890 (Act 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933]), as amended, in reversing the decision of the Board of Appraisers and directing judgment in accordance with this opinion.