## HATTERS' FUR EXCHANGE v. UNITED STATES.

(Circuit Court, S. D. New York. November 12, 1909.)

### No. 5,069.

CUSTOMS DUTIES (§ 38*)—"FURS, UNDRESSED"—CLIPPINGS—WASTE.

    Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 561, 30 Stat. 198 (U. S. Comp. St. 1901, p. 1683), providing for "furs, undressed," includes undressed clippings and detached portions of fur, used for the same purpose as the skin from which derived; and such material is therefore removed from the provision for "waste, not specially provided for," in section 1, Schedule N, par. 463, 30 Stat. 194 (U. S. Comp. St. 1901, p. 1679).

    [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 38.*

    For other definitions, see Words and Phrases, vol. 4, p. 3009.]

On Application for Review of a Decision by the Board of United States General Appraisers.

Protest of the Hatters' Fur Exchange as to classification of certain so-called "undressed fur." Reversed in part.

B. A. Levett, for importers.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Charles Duane Baker, Sp. Atty., of counsel), for the United States.

MARTIN, District Judge. The only question presented in argument is as to the classification of that portion described in the protest as undressed fur, consisting of remnant pieces of rabbit skins. The question at issue is whether these remnant pieces of rabbit skins are to be treated as undressed fur, and therefore free of duty, under paragraph 561, Tariff Act 1897 (Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1683]), or as waste, under paragraph 463 of said act. It is contended on the part of the gov-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ernment that the case of United States v. Hatters' Fur Exchange (C. C.) 153 Fed. 595, T. D. 27,971, governs the case at bar and that the doctrine of stare decisis applies.

In the case at bar that portion of the importer's protest relating to combings, combings being principally of hair, is waived by the importer; hence we have a different case. The contention now involves only undressed clippings of rabbit skins and portions of the fur that have become detached from the pelt by reason of heating and by other means. No question is made but what the article in controversy is "undressed fur." The government contends, however, that its uses are the same as the combed hair in the case above cited and there held to be dutiable as waste. That contention amounts to this, namely, the reading into paragraph 561 the words "not used as waste." The language of that paragraph is made up of just two words, "furs, undressed." Is it to be construed the same as though it read "fur, undressed, not used as waste"? Whether used as waste or not, the evidence shows that it is used for the same purpose to which the skin as usually cut up is employed, and that it comes from the rabbit pelt, which of itself is treated as free under the tariff act.

The mere evidence of trimming and the pieces "falling onto the floor" does not, to my mind, take it out of the paragraph as undressed fur. I know of no theory of fairness or principle of protection that requires such a judicial construction of paragraph 561 as to read into it the words "not used as waste," and I know of no reason why the Board of Appraisers or the court should change such plain and simple provisions of the tariff law for the sole purpose of revenue. Neither do I think that the use to which this article may be put takes it out of the provisions of paragraph 561. There are no ambiguous expressions, no words of doubtful meaning, used in either of the paragraphs in question. The language in paragraph 463 is "waste, not specially provided for in this act," and needs no such construction as is contended for in this case to give that paragraph full effect.

If we apply to this case the doctrine applied by the Supreme Court in Chew Hing Lung v. Wise, 176 U. S. 156, 20 Sup. Ct. 320, 44 L. Ed. 412, viz., if the article in question is squarely covered by a paragraph of the free list, it is not to be taken out of that paragraph by a general provision like that of paragraph 463. The syllabus correctly states the decision in these words:

"The designation of an article eo nomine, either for duty or as exempt from duty, must prevail over words of a general description, which might otherwise include the article specially designated."

I think the undressed fur, as described by the evidence and covered by the protest now contended for, should be free, and to that extent the decision of the Board is reversed.